Christopher R. Ambrose, OSB No. 960344
Email: crambrose@ambroselaw.com
**AMBROSE LAW GROUP LLC**
312 NW 10th Avenue, Suite 200
Portland, Oregon 97209-3121
Telephone:  503.222.0552
Facsimile:   503.222.0984
   *Attorneys for Defendant Pacwest Funding, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST INVESTMENT HOLDINGS, LLC, an Oregon limited liability company,<br><br>             Plaintiff,<br><br>     v.<br><br>PACWEST FUNDING, INC., dba PRECISION CAPITAL; DOES 1 to 5,<br><br>             Defendants.<br>_____ | Case No.: 3:24-cv-01144-HZ<br><br>**DEFENDANT PACWEST FUNDING, INC.'S, MOTION TO DISMISS AND MOTION TO COMPEL ARBITRATION; REQUEST FOR REASONABLE ATTORNEYS' FEES AND COSTS**<br><br>Fed. R. Civ. P. 12(b)(6);<br>Fed R. Civ. P. 12(b)(3)<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

### I.  LR 7-1 CERTIFICATION

The undersigned made a good faith attempt to confer with counsel for plaintiff Northwest Investment Holdings, LLC ("Plaintiff"), on this Motion through telephone, text, and email, however the issues addressed in the Motion could not be resolved.

### II.  FRCP 12(b) MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Pacwest Funding, Inc. ("PacWest Funding"), moves for dismissal of Plaintiff's Complaint for failure to state a claim.

PAGE 1 - FRCP 12(b)(6) AND FRCP 12(b)(3)
MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

In support of this Motion, Pacwest Funding requests that the Court take judicial notice of certain recorded documents filed concurrently herewith pursuant to PacWest Funding's Request for Judicial Notice.

Additionally, this is the **fifth** complaint that Plaintiff has filed within the past twelve months in order to attempt to delay or impede foreclosure sales. Of the prior four complaints, all four have been dismissed with prejudice or, in one instance, voluntarily dismissed with prejudice. The Complaint in this instance is the latest "cut and paste" complaint that not only does not apply on its face, but there are even numerous references to defendants in the other matters (e.g., Fay Servicing, Singh).

In support of PacWest's Funding's request for an award of attorneys' fees, PacWest Funding requests this Court to consider (a) the attorneys' fees provisions in the loan documents, (b) the lack of merits of the claims, and (c) the repeated erroneous filings.

### III.  FRCP 12(b)(3) MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(3), PacWest Funding also moves for dismissal based on improper venue and to compel arbitration. As noted below, Plaintiff entered into Arbitration Agreements with PacWest Funding for the loans that are the subject of the Complaint, and all claims are subject to binding arbitration.

### IV.  MEMORANDUM OF LAW

#### A.    Standards

This Court recently addressed a virtually identical fact scenario and motion to dismiss in the case of *Northwest Investment Holdings, LLC v. Civic Real Estate Holdings, etc.,* USDC District of Oregon Case No. 3:24-CV-00390-HZ. This Court issued an Opinion and Order on May 14, 2024, granting the defendants' motion to dismiss and issued an Order dismissing the complaint with prejudice on June 14, 2024. The legal standards are similar in this instance, as follows:

PAGE 2 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [she] … [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 1267 S.Ct. 1955 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). The Court should dismiss under Federal Rule of Civil Procedure 12(b)(6) claims that fail to meet this standard. While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (*quoting Twombly*, 550 U.S. at 570). Where, however, the plaintiff fails to "nudge [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the Plaintiff must provide more than just "labels and conclusions;" rather, it must provide the grounds of its entitlement to relief. *Twombly*, 550 U.S. at 555 ("[F]ormulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79. ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice…. [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id.* at 679. Finally, where it is clear amendment would be futile, the Court may dismiss a complaint without leave to amend. *See Havas v. Thornton*, 609 F.2d 372 (9th Cir. 1979).

On a motion to dismiss, the Court may consider documents relied on in a complaint without converting the motion to one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Defendants can rely on documents outside the

PAGE 3 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

I:\73094\21\PL-USDC\00939696.WPD

pleadings if their authenticity is uncontested and the complaint "necessarily relies on them." *Lee*, 250 F.3d at 688; see also Footnote 1, supra. Similarly, the Court may take judicial notice of publicly recorded documents without converting the motion into one for summary judgment. *Shaw v. Hawn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); see also Footnote 2, supra.

### B.  Summary of Facts

This action arises out of four loans provided by PacWest Funding to Plaintiff during 2019.  First and second position loans were secured by real property commonly known as 3610 SE 141st Avenue, Portland, Oregon 97236 (the "3610 SE 141st Property").  First and second position loans also were secured by real property commonly known as 6100 SE 140th Avenue, Portland, Oregon 97236 (the "6100 SE 140th Property").  The Complaint focuses on the two first position loans, and this Motion will focus on those two loans.

### The $420,000.00 Loan

On or about July 31, 2019, PacWest Funding, an Oregon limited liability company, provided a $420,000.00 loan to Plaintiff (the "$420K Loan").  The $420K Loan was evidenced by a $420,000.00 promissory note (the "$420K Note").  Request for Judicial Notice ("RFJN"), Exhibit ("Ex.") 1.  The $420K Note was secured by a Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "$420K Trust Deed") against the 3610 SE 141st Property.  RFJN, Ex. 2. The loan was commercial in nature, as it was a "business purpose" loan for an investment property; Plaintiff agreed the loan was not for personal, family, or household purposes, and that Plaintiff and its employees or affiliates would not reside at the property.

At Section 21 of the $420K Note, Plaintiff made the following representation (and initialed each page) regarding the business purpose of the $420K Loan: "21. Representation on Use of Proceeds.  Borrower represents and warrants to Lender that the proceeds of this Note will be used solely for business, commercial investment, or similar

**PAGE 4 - FRCP 12(b)(6) AND FRCP 12(b)(3)
MOTION TO DISMISS COMPLAINT**

I:\73094\21\PL-USDC\00939696.WPD

**AMBROSE LAW GROUP LLC**
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

purposes and that no portion of it will be used for personal, family, or household purposes." RFJN, Ex. 1, p. 8, § 21.  Additionally, Plaintiff signed and delivered to PacWest Funding a separate Business Purposes of Loan Certification, which provides:

1. Lender has stressed to Borrower the importance of knowing the primary purpose of this Loan.  Borrower knows that the legal responsibilities of the Lender vary considerably depending upon wether a loan is a consumer loan, which is for personal, household or family purposes, or a business loan, which is for every other purpose.

2. Borrower has previously represented to Lender and again represents to Lender in this certification, its successors and assigns, that ALL of the purposes of the Loan, exclusive of commissions and loan expenses incurred to obtain the Loan are: *[in the handwriting of Plaintiff's principal, Kris Bernard]* Business purposes only to invest in refundable investment property.

3. NO part of the proceeds of the Loan are intended to be used for a consumer purpose except the following: If there are no consumer purposes for the loan proceeds, please indicate "N/A" or "NONE" below: *[in the handwriting of Plaintiff's principal, Kris Bernard]* N/A

4. Borrower declares under penalty of perjury under the laws of the state in which the Property is located that the foregoing is true and correct.

RFJN Ex. 3.

The $420K Note had a maturity date of September 1, 2022 (the "$420K Note Maturity Date").  RFJN Ex. 1, p. 1, § 2.  The $420K Trust Deed also provides for the remedy of foreclosure in the event Plaintiff defaults under the $420K Note.  RFJN, Ex. 2, § 21 ("Acceleration; Remedies").

All beneficial right, title, and interest in the $420K Trust Deed, including the $420K Note, were transferred and assigned to PC0719AD Joint Venture on or about September 12, 2019. RFJN, Ex. 5. PC0719AD Joint Venture , by and through its servicer PacWest Funding, appointed Christopher R. Ambrose as the successor trustee of the $420K Trust Deed on or about December 28, 2022.  RFJN, Ex. 6.  A second non-judicial foreclosure proceeding pertaining to the $420K Trust Deed and the 3610 SE 141st Property against the real property security interest were commenced by the trustee on or about

PAGE 5 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

February 22, 2024, due to Plaintiff's continued default. RFJN Ex. 7. Notice of the foreclosure sale was provided to Plaintiff, among others. RFJN Ex. 8, §9. The nonjudicial foreclosure auction was held on July 15, 2024. PC0719AD Joint Venture was the purchaser for $535,500.00, and a Trustee's Deed for the 3610 SE 141st Property was recorded on July 22, 2024. RFJN Ex. 8. Plaintiff filed its Complaint on July 15, 2024. PC0719AD Joint Venture remains the owner of the 3610 SE 141st Property.

### The $346,500.00 Loan

A nonjudicial foreclosure action regarding the $346,500 Loan simultaneously proceeded. In particular, on or about September 25, 2019, PacWest Funding provided a $346,500.00 loan to Plaintiff (the "$346,500 Loan"). The $346,500 Loan was evidenced by a $346,500.00 promissory note (the "$346,500 Note"). Request for Judicial Notice ("RFJN"), Ex. 9. The $346,500 Note was secured by a Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "$346,500 Trust Deed") against the 6100 SE 140th Property. RFJN Ex. 10. The loan was commercial in nature, as it was a "business purpose" loan for an investment property; Plaintiff agreed the loan was not for personal, family, or household purposes, and that Plaintiff and its employees or affiliates would not reside at the property.

At Section 21 of the $346,500 Note, Plaintiff made the following representation regarding the business purpose of the $346,500 Loan (identical to the $420K Loan representations, and initialed each page): "21. Representation on Use of Proceeds. Borrower represents and warrants to Lender that the proceeds of this Note will be used solely for business, commercial investment, or similar purposes and that no portion of it will be used for personal, family, or household purposes." RFJN Ex. 9, p. 8, §21. Additionally, Plaintiff signed and delivered to PacWest Funding a separate Business Purposes of Loan Certification, which provides:

PAGE 6 - FRCP 12(b)(6) AND FRCP 12(b)(3)
MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1. Lender has stressed to Borrower the importance of knowing the primary purpose of this Loan. Borrower knows that the legal responsibilities of the Lender vary considerably depending upon wether a loan is a consumer loan, which is for personal, household or family purposes, or a business loan, which is for every other purpose.

2. Borrower has previously represented to Lender and again represents to Lender in this certification, its successors and assigns, that ALL of the purposes of the Loan, exclusive of commissions and loan expenses incurred to obtain the Loan are: *[in the handwriting of Plaintiff's principal, Kris Bernard]* Real Estate Investment and renovation.

3. NO part of the proceeds of the Loan are intended to be used for a consumer purpose except the following: If there are no consumer purposes for the loan proceeds, please indicate "N/A" or "NONE" below: *[in the handwriting of Plaintiff's principal, Kris Bernard]* N/A

4. Borrower declares under penalty of perjury under the laws of the state in which the Property is located that the foregoing is true and correct.

RFJN Ex. 11.

The $346,500 Note had a maturity date of September 1, 2022 (the "$346,500 Note Maturity Date"). RFJN Ex. 9, p. 1, §2. The $346,500 Trust Deed also provides for the remedy of foreclosure in the event Plaintiff defaults under the $346,500 Note. RFJN Ex. 10, § 21 ("Acceleration; Remedies").

All beneficial right, title, and interest in the $346,500 Trust Deed, including the $346,500 Note, were transferred and assigned to Pac One Fund, LP, on or about January 29, 2020. RFJN Ex. 13. Pac One Fund, LP, by and through its servicer PacWest Funding, appointed Christopher R. Ambrose as the successor trustee of the $346,500 Trust Deed on or about December 28, 2022. RFJN Ex.14. A second non-judicial foreclosure proceeding pertaining to the $346,500 Trust Deed and the 6100 SE 140th Property against the real property security interest were commenced by the trustee on or about February 22, 2024, due to Plaintiff's continued default. RFJN Ex. 15. Notice of the foreclosure sale was provided to Plaintiff, among others. RFJN Ex. 16, § 9. The nonjudicial foreclosure auction was held on July 15, 2024. Pac One Fund, LP, was the purchaser for $425,000.00, and

PAGE 7 - FRCP 12(b)(6) AND FRCP 12(b)(3)
MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

a Trustee's Deed for the 6100 SE 140th Property was recorded on July 22, 2024. RFJN Ex. 16. Plaintiff filed its Complaint on July 15, 2024. Pac One Fund, LP, remains the owner of the 6100 SE 140th Property.

### Arbitration Agreements

Both the $420K Loan and the $346,500 Loan are subject to mandatory arbitration provisions and agreements. The $420K Note (RFJN Ex. 1) provides that any dispute resolution shall be subject to an arbitration agreement. The section is in bold and initialed by Plaintiff's representative. RFJN Ex. 1, § 20. The $346,500 Note (RFJN Ex. 9) has the same provision. RFJN Ex. 9, § 20.

Additionally, Plaintiff executed Arbitration Agreements for both the $420K Loan and the $346,500 Loan that provide in pertinent part that any of the subject "claims" shall be subject to binding arbitration. RFJN Ex. 4, § 3; RFJN Ex. 12, § 3. "Claims" under the Arbitration Agreements include "[a]ny claimed wrongdoing, such as misrepresentation, negligence, breach of contract, beach of fiduciary duty, unconscionability, fraud in the inducement, rescission, breach of covenant of good faith and fair dealing and unfair business practices. Additionally, "Claims" include [a]ny claimed violation of state or federal laws, including, but not limited to consumer credit, truth-in-lending, ... loan regulation and unfair business practice acts." RFJN Ex. 4, §2; RFJN Ex. 12, §2. An exception exists for actions to enjoin PacWest Funding from taking certain acts, but those claims were not alleged or sought.

**C.    All Plaintiff's Claims Are Subject to Binding Arbitration Due to Improper Venue, and the Complaint Should Be Dismissed.**

All claims are subject to the Arbitration Agreements, and this matter should be submitted to binding arbitration.

FRCP 12(b)(3) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the

PAGE 8 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

following defenses by motion: . . . (3) improper venue."

As noted above, the Arbitration Agreements specifically provided that certain claims, as defined in the Arbitration Agreements, are subject to binding arbitration. The claims Plaintiff alleges are expressly identified within the meaning of "claims" that are subject to arbitration, and do not include any request to enjoin the nonjudicial foreclosure proceedings, which are exceptions to binding arbitration.

Wherefore, PacWest Funding respectfully moves this Court to enter an order compelling arbitration and dismissing this action pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3).

### D.     Plaintiff Fails to State Any Claim Upon Which Relief May Be Granted.

#### 1.     First and Third Claims Based on Fair Debt Collection Practices Act:

Plaintiff's first and third claims are based on alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). These claims fail because the loans are not consumer debt subject to the FDCPA. The loans were not obtained by a natural person, as Plaintiff is a company, nor were they used primarily for personal, family, or household purposes. 15 USC § 1692a (3) and (5). Not only do the Notes specifically provide that the two loans are for business purposes, Plaintiff certified the same, in its principal's own handwriting. Furthermore, to the extent the claims are premised on the foreclosure or threatened foreclosure, a non-judicial foreclosure was not debt collection. *Barnes v. Routh Crabtree Olsen,* PC, 963 F.3d, 993, 997 (2020). The first and third claims under the FDCPA should be dismissed.

#### 2.     Second Claim for Fraud:

The second claim for fraud fails to state a claim. Fraud must be stated with particularity. *Khan v. CitiMortgage Inc.*, 975 F.Supp.2d 1127, 1139 (2013); Fed. R. Civ. P. 9 (b). Plaintiff's Complaint falls far short and vaguely alleges that one or more defendants

PAGE 9 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

did not provide him an accounting of the loan at some unknown time. Complaint ¶¶ 24, 25. Nor does the Complaint allege the elements of actionable fraud, which consist of a representation, its falsity, its materiality, the speaker's knowledge of its falsity or ignorance of its truth, his intent that it should be acted on by the hearer and in a manner reasonably contemplated, the hearer's ignorance of its falsity, his reliance on its truth, his right to rely thereon, and his consequent or proximate injury. *Conzelmann v. Northwest Poultry & Dairy Products Co.*, 225 P.2d 757, 764 (1950). The second claim for fraud should be dismissed.

        **3.    Fourth Claim for Conversion:**

Plaintiff's fourth claim for conversion fails to state a claim. Conversion is the intentional exercise of dominion or control over a chattel which so seriously interferes with rights of another to control it that one who interferes may justly be required to pay owner full value of chattel. *Mustola v. Toddy,* 456 P.2d 1004, 1007. The Complaint's allegation that "Fay Servicing and Precision converted the personal property rights (Singh's chattel) of Plaintiff in his Note for its own use" is incomprehensible – not only on its face but because Fay Servicing and Singh have no connection to this matter and were cut and pasted from another complaint. Complaint, ¶ 87. Similarly, the alleged withholding of "information" related to "Plaintiff's Note" does not state a claim for conversion. Complaint, ¶ 91. As in the *Civic Real Estate Holdings* case (USDC Case Number 3:24-CV-00390-HZ), PacWest Funding cannot follow what Plaintiff is attempting to allege in its conversion claim. The fourth claim should be dismissed for failure to state a claim.

        **4.    Fifth Claim for Breach of Covenant of Good Faith and Fair Dealing:**

Plaintiff's fifth claim for breach of covenant of good faith and fair dealing should likewise be dismissed for failure to state a claim. As with the prior allegations, Plaintiff makes statements regarding parties who apparently were part of other actions (e.g., "Singh," Complaint ¶ 97). More pertinent, when a written contract between parties

PAGE 10 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

I:\73094\21\PL-USDC\00939696.WPD

expressly allows for particular remedy by one of the parties, in face of specified breach, parties' objectively reasonable expectations under contract include invocation of that remedy in face of that breach; thus, party invoking its express, written contractual right does not, merely by so doing, violate its duty of good faith under the contract. *Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 891 P.2d 639, 645 (1995). Here, the loan was not repaid and its terms allowed for the remedy of foreclosure in that event. The fifth claim should be dismissed. Indeed, plaintiff's interest in the property has been terminated by the trustee's sale. Or. Rev. Stat. § 86.797 (1).

  **E.**  **An Award of Reasonable Attorneys' Fees and Costs to PacWest Funding Is Appropriate.**

  As noted above, this is the fifth of Plaintiff's virtually identical complaints that Plaintiff has filed in an attempt to leverage resolution. Each of these complaints was without merit (as noted above), and have been dismissed by court order, or, in one instance, by Plaintiff voluntarily. In particular:

1. *Northwest Investment Holdings, LLC v. Wilmington Savings Fund Society, FSB, et al.,* USDC District of Portland Case No. 3:23-CV-00994-YY: Defendants filed a motion to dismiss based on the foregoing grounds. Plaintiff requested numerous extensions in which to respond and, after facing a request for sanctions and a failure to respond, agreed to a voluntary dismissal.

2. *Northwest Investment Holdings, LLC v. Civic Real Estate Holdings III, LLC, et al.,* USDC District of Oregon Case No. 3:24-CV-00062-AN: An identical complaint was filed (i.e., based on FDPA, Conversion, Breach of Covenant of Good Faith and Fair Dealing). A voluntary dismissal with prejudice was filed.

3. *Northwest Investment Holdings, LLC v. Civic Real Estate Holdings III, LLC, et al.,* USDC District of Oregon Case No. 3:24-CV-00390: An identical complaint was filed (i.e., based on FDPA, Conversion, Breach of Covenant of Good Faith and

PAGE 11 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

Fair Dealing). This Court dismissed the complaint with prejudice after Plaintiff failed to reply to the defendants' motion to dismiss and the opportunity to file an amended complaint.

4. *Northwest Investment Holdings, LLC v. A&S Lending LLC,* USDC District of Oregon Case No. 3:24-CV-00328-MC: An identical complaint was filed (i.e., based on FDPA, Conversion, Breach of Covenant of Good Faith and Fair Dealing). Defendants filed a motion for summary judgment. The court granted the motion for summary judgment and dismissed the complaint with prejudice. The court also noted on September 25, 2024, as follows: **"This court has inherent authority to manage its docket and ensure the efficient processing of claims filed thereon. Plaintiff has consistently failed to prosecute this case and has represented no intention to do so. Plaintiff failed to respond to Defendants' discovery requests, Defendant's Motion for Summary Judgment, and the Court's August 6, 2024 Order (an Order to Show Cause regarding Plaintiff's failure to respond). As a result, the Lis Pendens attached to the property . . . is struck, and Plaintiff's Complaint is DISMISSED with prejudice."**

Plaintiff knew or should have known when it filed its Complaint that the claims were without merit and, notwithstanding repeated attempts to have the matter dismissed, has failed and refused to dismiss the action, which has resulted in the need to file this Motion to Dismiss.

The $420K Note and the $346,500 Note both have attorneys' fees provisions as follows:

Attorneys Fees. Borrower [Plaintiff] agrees to pay the following costs, expenses, and attorney fees paid or incurred by Lender [PacWest Funding], or adjudged by a court: (a) reasonable costs of collection and costs, expenses, and attorneys fees paid or incurred in connection with the collection or enforcement of this Note, whether or not suit is filed; (b) reasonable costs, expenses, and attorney fees paid or incurred in connection with representing Lender [PacWest Funding] in any bankruptcy, reorganization, receivership, or other proceeding affecting creditors' rights and involving a claim under this Note; . . . .

PAGE 12 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

I:\73094\21\PL-USDC\00939696.WPD

RFJN Ex. 1, pp. 4-5, § 9; RFJN Ex. 9, pp. 4-5, § 9.

Accordingly, an award of reasonable attorneys' fees and costs to PacWest Funding according to proof is appropriate.

## V. CONCLUSION

For the foregoing reasons, PacWest Funding requests this Court to dismiss the Complaint in its entirety with prejudice. Additionally, PacWest Funding requests that this Court award PacWest Funding reasonable attorneys' fees and costs according to proof.

DATED this 10th day of October, 2024.

**AMBROSE LAW GROUP LLC**

/s/ Christopher R. Ambrose
Christopher R. Ambrose, OSB No. 960344

*Of Attorneys for Defendant PacWest Funding, Inc.*

PAGE 13 - FRCP 12(b)(6) AND FRCP 12(b)(3) MOTION TO DISMISS COMPLAINT

I:\73094\21\PL-USDC\00939696.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, the foregoing **DEFENDANT PACWEST FUNDING, INC.'S, MOTION TO DISMISS AND MOTION TO COMPEL ARBITRATION; REQUEST FOR REASONABLE ATTORNEYS' FEES AND COSTS (FRCP 12(b)(6)  and FRCP 12(b)(3))** was served on the following recipient by electronic means through the Court's Electronic Case File system:

John A. Cochran
The Cochran Law Firm LLC
1033 SW Yamhill Street, Suite 201
Portland, OR  97205
Email:  john@thecochranlawfirm.com
    *Attorney for Plaintiff Northwest Investment Holdings, LLC*

DATED this 10th day of October, 2024.

**AMBROSE LAW GROUP LLC**

/s/ Christopher R. Ambrose
Christopher R. Ambrose, OSB No. 960344

*Of Attorneys for Defendant PacWest Funding, Inc.*

CERTIFICATE OF SERVICE

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
312 NW 10TH AVENUE, SUITE 200
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984