IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST INVESTMENT
HOLDINGS, LLC, an Oregon limited
liability company,

        Plaintiff,

v.

PACWEST FUNDING, INC., dba
PRECISION CAPITAL; DOES 1-5

        Defendants.

No. 3:24-cv-01144-HZ

OPINION & ORDER

John A. Cochran
The Cochran Law Firm LLC
1033 S.W. Yamhill Street
Suite 201
Portland, OR 97205

    Attorney for Plaintiff

Christopher R. Ambrose
Ambrose Law Group LLC
200 Buddha Building
312 N.W. Tenth Avenue
Portland, OR 97209-3121

    Attorneys for PacWest Funding, Inc.

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter is before the Court on Defendant's Request for Judicial Notice, ECF 5, and Defendant's Motion to Dismiss and Motion to Compel Arbitration, ECF 4. For the reasons that follow, the Court grants Defendant's Request for Judicial Notice, grants Defendant's Motion to Compel Arbitration, and denies Defendant's Motion to Dismiss.

## BACKGROUND

The following facts are taken from the Complaint and the documents contained in Defendant's Request for Judicial Notice.

**I.**     **The $420,000 Loan**

On July 31, 2019, Defendant PacWest Funding provided a loan to Plaintiff for $420,000 evidenced by a promissory note ("the Note"). Request for Judicial Notice ("RJN"), ECF 5, Ex. 1. The Note was secured by a Deed of Trust against property at 3610 S.E. 141st Avenue, Portland, Oregon 97236. *Id*. ¶ 12; RJN Ex. 2. The Trust Deed provided for the remedy of foreclosure in the event of default by Plaintiff. RJN Ex. 2 ¶ 21.

The Note provided that Plaintiff and "any guarantor" "SHALL EXECUTE [AN] ARBITRATION AGREEMENT WHEREBY BORROWER, ANY GUARANTOR, AND LENDER AGREE TO ARBITRATE ANY DISPUTES TO RESOLVE ANY CLAIMS (AS DEFINED IN THE ARBITRATION AGREEMENT). RJN Ex. 1 ¶ 20. The parties executed an Arbitration Agreement on July 31, 2019, in which they agreed that "any Claim . . . involving the [$420,000] Loan, including, but not limited to claims arising from the origination, documentation, disclosure, servicing, collection or any other aspect of the Loan transaction or the coverage or enforceability of this Agreement, shall be resolved exclusively by binding arbitration

under the terms of this Agreement." RJN Ex. 4 ¶ 1.[1] The Arbitration Agreement defined "Claim" as including, but not limited to:

> Any claimed wrongdoing, such as misrepresentation, negligence, breach of contract, breach of fiduciary duty, unconscionability, fraud in the inducement, rescission, breach of the covenant of good faith and fair dealing and unfair business practices.
>
> Any claimed violation of state or federal laws, including, but not limited to consumer credit, truth-in-lending, civil rights, equal opportunity, real estate settlement, housing discrimination laws, fair lending acts, licensing, loan regulation and unfair business practices acts.

*Id.* ¶ 2.1.

On September 12, 2019, all beneficial right, title, and interest in the $420,000 Trust Deed, including the Note, were transferred and assigned to PC0719AD Joint Venture. Defendant was the servicer for PC0719AD Joint Venture. On December 28, 2022, PC0719AD Joint Venture appointed Christoper Ambrose as the successor trustee of the $420,000 Trust Deed.

Plaintiff defaulted on the $420,000 loan and on February 22, 2024, Ambrose commenced a nonjudicial foreclosure proceeding against the property at 3610 S.E. 141st Avenue. RJN Ex. 7. Notice of the foreclosure sale was provided to Plaintiff and the nonjudicial foreclosure auction took place on July 15, 2024. PC0719AD Joint Venture purchased the property for $535,500 at the auction. RJN Ex. 8 ¶ 11. On July 22, 2024, a Trustee's Deed for the property was recorded in Multnomah County.

## II.     The $345,500 Loan

On September 25, 2019, Defendant provided a loan to Plaintiff for $345,500 evidenced by a promissory note ("the Note"). RJN Ex. 9. The Note was secured by a Deed of Trust against

---

[1] The Arbitration Agreement was "binding on the agents, successors and assigns of the parties and the Loan." RJN Ex. 4 ¶1.

3 – OPINION & ORDER

property at 6100 S.E. 140th Avenue, Portland, Oregon 97236. *Id*. ¶ 12; RJN Ex. 10. The Trust Deed provided for the remedy of foreclosure in the event of default by Plaintiff. RJN Ex. 10 ¶ 21.

The Note provided that Plaintiff and "any guarantor" "SHALL EXECUTE [AN] ARBITRATION AGREEMENT WHEREBY BORROWER, ANY GUARANTOR, AND LENDER AGREE TO ARBITRATE ANY DISPUTES TO RESOLVE ANY CLAIMS (AS DEFINED IN THE ARBITRATION AGREEMENT). RJN Ex. 9 ¶ 20. The parties executed an Arbitration Agreement on September 25, 2019, in which they agreed that "any Claim . . . involving the [$345,500] Loan, including, but not limited to claims arising from the origination, documentation, disclosure, servicing, collection or any other aspect of the Loan transaction or the coverage or enforceability of this Agreement, shall be resolved exclusively by binding arbitration under the terms of this Agreement." RJN Ex. 12 ¶ 1.[2] The Arbitration Agreement defined "Claim" as including, but not limited to:

> Any claimed wrongdoing, such as misrepresentation, negligence, breach of contract, breach of fiduciary duty, unconscionability, fraud in the inducement, rescission, breach of the covenant of good faith and fair dealing and unfair business practices.
>
> Any claimed violation of state or federal laws, including, but not limited to consumer credit, truth-in-lending, civil rights, equal opportunity, real estate settlement, housing discrimination laws, fair lending acts, licensing, loan regulation and unfair business practices acts.

*Id*. ¶ 2.1.

On January 29, 2020, all beneficial right, title, and interest in the $345,500 Trust Deed, including the Note, were transferred and assigned to Pac One Fund, LP. RFJ Ex. 13. Defendant

---

[2] The Arbitration Agreement was "binding on the agents, successors and assigns of the parties and the Loan." RJN Ex. 12 ¶1.

was the servicer for Pac One Fund, LP. On December 28, 2022, Pac One Fund, LP appointed Christoper Ambrose as the successor trustee of the $345,500 Trust Deed. RJN Ex. 14.

Plaintiff defaulted on the $345,500 loan and on February 22, 2024, Ambrose commenced a nonjudicial foreclosure proceeding against the property at 6100 S.E. 140th Avenue. RJN Ex. 15. Notice of the foreclosure sale was provided to Plaintiff and the nonjudicial foreclosure auction took place on July 15, 2024. Pac One Fund, LP purchased the property for $425,000 at the auction. RJN Ex. 16 ¶ 11. On July 22, 2024, a Trustee's Deed for the property was recorded in Multnomah County.

### III.    This Action

On July 12, 2024, Plaintiff filed a Complaint in this Court against Defendant and Does 1 through 5 bringing claims for (1) improper accounting in violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) fraud; (3) false or misleading representation in violation of the FDCPA, 15 U.S.C. § 1692E(2); unfair practices in violation of the FDCPA, 15 U.S.C. § 1692F(1); conversion; and breach of good faith and duty of care.

On October 10, 2024, Defendant filed a Request for Judicial Notice and a Motion to Dismiss and Motion to Compel Arbitration. Plaintiff did not file a response to Defendant's Motions and the Court took the Motions under advisement on October 24, 2024.

### DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant requests the Court take judicial notice of documents related to the two loans at issue. Plaintiff did not file a response to Defendant's request.

Related to the $420,000 loan Defendant requests the Court take judicial notice of:

1. $420,000.00 Promissory Note Secured by Deed of Trust.

2. Recorded Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement re $420,000.00 Note.

5 – OPINION & ORDER

    3.     Business Purpose of Loan Certification re $420,000.00 Loan.

    4.     Arbitration Agreement re $420,000.00 Loan.

    5.     Recorded Assignment of Trust Deed by Beneficiary re $420,000.00 Deed.

    6.     Recorded Appointment of Successor Trustee re $420,000.00 Trust Deed.

    7.     Recorded Notice of Default and Election to Sell re $420,000.00 Trust Deed.

    8.     Recorded Trustee's Deed as a Result of Foreclosure re $420,000.00 Trust Deed.

Related to the $346,500 loan Defendant requests the Court take judicial notice of:

    1.     $346,500.00 Promissory Note Secured by Deed of Trust.

    2.     Recorded Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement re $346,500.00 Note.

    3.     Business Purpose of Loan Certification re $346,500.00 Loan.

    4.     Arbitration Agreement re $346,500.00 Loan.

    5.     Recorded Assignment of Trust Deed by Beneficiary re $346,500.00 Deed.

    6.     Recorded Appointment of Successor Trustee re $346,500.00 Trust Deed.

    7.     Recorded Notice of Default and Election to Sell re $346,500.00 Trust Deed.

    8.     Recorded Trustee's Deed as a Result of Foreclosure re $346,500.00 Trust Deed.

"'[F]or purposes of deciding a motion to compel arbitration under the FAA, a district court may consider documents outside the pleadings.'" *Marquez v. Teufel Holly Farms, Inc.*, No. 3:22-CV-00060-SB, 2022 WL 18779710, at *1, n.1 (D. Or. Dec. 29, 2022), report and

recommendation adopted, No. 3:22-CV-00060-SB, 2023 WL 2071553 (D. Or. Feb. 16, 2023) (quoting Tech. *Sec. Integration, Inc. v. Phila. Indem. Ins. Co.*, No. 3:14-cv-01895-SB, 2015 WL 4603893, at *1 (D. Or. July 30, 2015)(citation omitted)). *See also Tuckman v. JPMorgan Chase Bank, N.A.*, No. 20-11242, 2021 WL 3357953, at *1 n.1 (11th Cir. Aug. 3, 2021)("[T]he facts here are taken from allegations in [the plaintiff's] complaint and documents attached to the parties' district court filings in support of and in opposition to the motion to compel arbitration. We may look to allegations in the complaint and evidence attached to the arbitration briefing for relevant factual background."); *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019)(when evaluating whether arbitration should be compelled "the court is entitled to consider materials other than the complaint and its supporting documents")(citing *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 86 (4th Cir. 2016)(evaluating materials outside of complaint in assessing motion to compel arbitration)).

Accordingly, the Court grants Defendant's Request for Judicial Notice and considers the relevant documents in evaluating Defendant's Motion to Compel Arbitration.

## DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant moves for an order compelling arbitration of Plaintiff's claims and dismissing this matter pursuant to Federal Rules of Civil Procedure 12(b)(3).

**I.    Standards**

The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable[.]" 9 U.S.C. § 2. Courts may decline to enforce an arbitration agreement if grounds "exist at law or in equity for the revocation of any contract." *Id.* Otherwise, courts must place arbitration agreements upon the same footing as other contracts. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). "Courts strongly favor arbitration and

broadly construe arbitration clauses." *Sanders v. Concorde Career Colls., Inc.*, 3:16-CV-01974-HZ, 2017 WL 1025670, at *3 (D. Or. Mar. 16, 2017)(citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)) "The standard for demonstrating arbitrability is not high." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

Under the FAA, when evaluating a motion to compel arbitration, courts should determine: "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Id.*

Section 2 of the FAA allows arbitration agreements to be invalidated by generally applicable contract defenses, such as duress or unconscionability, but not by defenses that only apply to arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Doctor's Assoc. Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). When determining the validity of an agreement to arbitrate, the courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi. Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

**II.    Arbitration**

The evidence reflects the parties entered into arbitration agreements related to both loans. In addition, the terms of the arbitration agreements encompass Plaintiff's claims in this action. As noted, the parties agreed that claims such as misrepresentation, fraud, breach of the covenant of good faith and fair dealing, unfair business practices, violations of federal laws including those related to consumer credit, fair lending, unfair business practices and similar "shall be resolved exclusively by binding arbitration." RJN, Ex. 4 ¶¶ 1, 2.1; Ex 12 ¶¶ 1, 2.1. Plaintiff did not respond to Defendant's Motion to Compel Arbitration and has not presented any argument or

evidence suggesting that the parties did not agree to arbitrate or that Plaintiff's claims are not encompassed by the arbitration agreements. Accordingly, the Court grants Defendant's Motion to Compel Arbitration.

### III.  Dismissal Pursuant to Rule 12(b)(3)

Defendant requests that if the Court grants its Motion to Compel Arbitration that the Court dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(3). Courts, however, have held that Rule 12(b)(3) is not an appropriate vehicle to address or dismiss a matter that a court has determined is subject to mandatory mediation. *See, e.g., Wolff v. Tomahawk Mfg.*, No. 3:21-CV-880-SI, 2022 WL 377926, at *6 (D. Or. Feb. 8, 2022), aff'd, No. 22-35145, 2022 WL 17749271 (9th Cir. Dec. 19, 2022)(finding dismissal for improper venue under Rule 12(b)(3) is improper). In *City of Benkelman, Nebraska v. Baseline Engineering Corporation*, the court rejected the plaintiff's argument that "arbitration clauses are substantially similar to forum-selection clauses, and therefore a motion to dismiss based on an arbitration clause should be treated as a Rule 12(b)(3) objection to venue." 867 F.3d 875, 880 (8th Cir. 2017). The court noted the plaintiff "base[d] its analogy on *Scherk v. Alberto-Culver Co.*, where the Supreme Court . . . described arbitration agreements as 'a specialized kind of forum-selection clause.'" *Id.* (quoting *Scherk*, 417 U.S. 506, 519 (1974)). The court pointed out, however, that after *Scherk*, the Supreme Court expressly held "that parties may not enforce forum-selection clauses through Rule 12(b)(3) motions to dismiss." *Id.* (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013)). As the court explained in *Atlantic Marine* "Rule 12(b)(3) allow[s] dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection

9 – OPINION & ORDER

clause." 134 S. Ct. at 577. As a result, *Atlantic Marine* "clearly eliminated the possibility of using Rule 12(b)(3) as a means to enforce a forum-selection clause." *In re Union Elec. Co.*, 787 F.3d 903, 907 (8th Cir. 2015). Thus, a "motion seeking to compel arbitration is not properly construed under Rule 12(b)(3)." *City of Benkelman*, 867 F.3d at 880.

The Court finds the reasoning of *In re Union Electric* and its interpretation of *Atlantic Marine* to be persuasive and adopts it here. Accordingly, the Court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(3).

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

In the alternative to its Motion to Compel Arbitration Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. The Court has found that all of Plaintiff's claims are subject to arbitration, therefore, the viability of Plaintiff's claims is a matter for the arbitrator. *See, e.g., Harbers v. Eddie Bauer, LLC,* No. C19-1012JLR, 2019 WL 6130822, at *8 (W.D. Wash. Nov. 19, 2019)("When a court determines that an arbitration agreement covers a parties' claims, the FAA requires all remaining substantive issues to be decided in arbitration.")(citing 9 U.S.C. § 4)). Accordingly, the Court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) without prejudice.

### CONCLUSION

The Court GRANTS Defendant's Request for Judicial Notice, ECF 5; GRANTS Defendant's Motion to Compel Arbitration, ECF 4; and DENIES Defendant's Motion to

Dismiss.

IT IS SO ORDERED.

DATED: November 23, 2024.

                                            MARCO A. HERNÁNDEZ
                                            United States District Judge