IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST INVESTMENT
HOLDINGS, LLC, an Oregon limited
liability company,

        Plaintiff,

v.

PACWEST FUNDING, INC., dba
PRECISION CAPITAL; DOES 1-5

        Defendants.

No. 3:24-cv-01144-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

On January 3, 2025, the Court issued an Order granting the Motion to Withdraw of Plaintiff's counsel but advised Plaintiff that "[c]orporations and other unincorporated associations must appear in court through an attorney," *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994), therefore Plaintiff could not appear or act in this matter without an attorney. Order, ECF 9. The Court directed Plaintiff to obtain counsel within 60 days of the Court's Order or risk dismissal of this matter. *Id.* Plaintiff failed to file an appearance of counsel or to advise the Court that it obtained counsel by March 4, 2025. On March 5, 2025, the Court

1 – OPINION & ORDER

issued an Order directing Plaintiff to show cause in writing no later than March 19, 2025, why this matter should not be dismissed. Order, ECF 10. Plaintiff failed to respond to the Court's Order or to show cause in writing.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). When determining whether to dismiss an action for failure to obey a court order the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986); *Ferdik*, 963 F.2d at 1260-61.

The Court finds that factors one, three, and four are neutral because this Court previously granted Defendant's Motion to Compel arbitration and, therefore, the merits of this matter will be decided in arbitration. The Court's need to manage its docket, however, weighs in favor of dismissal because Plaintiff's failure to obtain counsel or to communicate with the Court has caused the Court to expend unnecessary resources to attempt to mandate Plaintiff's compliance with *Licht*. In addition, this Court cannot enforce or address any decision by the arbitrator if Plaintiff has completely disengaged from this matter and is not represented. Finally, the Court's warning to Plaintiff that its failure to obey the Court's order will result in dismissal satisfies the

"consideration of alternatives" requirement. *See, e.g., Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Accordingly, the Court dismisses this matter without prejudice. *See Stone v. City of Tucson*, 249 F.R.D. 326, 328 (D. Ariz. Feb. 27, 2008) (dismissing a case without prejudice under Rule 41(b) because "a dismissal with prejudice would be unnecessarily harsh"); *Bernal v. Barr*, No. cv-20-01164-PHX-MTL (CDB), 2020 WL 8673611, at *2 (D. Ariz. July 24, 2020)("the less drastic alternative of dismissal without prejudice is available and appropriate in this instance . . . this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure").

IT IS SO ORDERED.

DATED:  March 20, 2025  .

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – OPINION & ORDER